UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Ayala Francisco Alex
(A-246-060-188),

                    Petitioner,

          v.

Warden of the California City Detention
Center,

                    Respondent.

No.  1:26-cv-01827-KES-SAB (HC)

ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION

Doc. 2

Before the Court is petitioner Ayala Francisco Alex's motion for temporary restraining order.  Doc. 2.  The Court has previously addressed the legal issues raised by the motion for temporary restraining order.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the motion for temporary restraining order and ordered respondent to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the motion. Doc. 7.  The Court also ordered respondent to state his position on whether the motion should be converted to a motion for preliminary injunction and whether he requested a hearing.  *Id.* Respondent states that he "does not have legal arguments to distinguish this case from prior orders issued by the Court, nor does Respondent find material factual differences between this

1

case and those identified by the Court." *See* Doc. 8 at 2. While respondent opposes the motion, he does not raise any new arguments.[1] *See id.* at 2–3.[2] Respondent also does not object to converting the motion. *See id.* at 2.

As respondent has not made any new legal arguments and has not identified any factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the motion for temporary restraining order is converted to a motion for preliminary injunction and GRANTED, for the reasons stated in those prior orders.

The Court ORDERS that respondent release petitioner Ayala Francisco Alex (A-246-060-188) immediately.[3] If the government seeks to re-detain petitioner, it must provide no less than

[1] Two courts of appeal have addressed whether 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens who have resided in the United States without having been admitted. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, Nos. 25-20496, 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)). Respondents cite to the *Buenrostro-Mendez* decision. Doc. 8. The Court finds the analysis in *Castañon-Nava* and in the dissent in *Buenrostro-Mendez* to be more persuasive on the statutory interpretation issue. In any event, the *Buenrostro-Mendez* decision did not address the due process claim at issue in the present case.

[2] Respondent also requests, in the alternative, that the Court hold this case in abeyance pending the appeals in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), and *Carballo v. Andrews*, No. 1:25-CV00978-KES-EPG (HC), 2025 WL 2381464 (E.D. Cal. Aug. 15, 2025). *See* Doc. 8 at 4. Given the nature of the relief sought by petitioner, the Court declines to defer a ruling on petitioner's motion for preliminary relief. As this matter is being referred to the assigned magistrate judge for further proceedings, the magistrate judge may consider whether to hold further proceedings on the petition in abeyance.

[3] Respondent argues that the appropriate remedy should be a post-deprivation § 1226(a) bond hearing, rather than immediate release. Doc. 8 at 4. But respondent has taken the position that petitioner is subject to mandatory detention under § 1225(b) and has not attempted to justify petitioner's detention under § 1226(a). *See id.* at 2–5. The Court declines to *sua sponte* construe petitioner's detention as one arising under § 1226(a). *See Cartagena Hueso v. Soto*, No. 26-1455 (ZNQ), 2026 WL 539271, at *3 (D.N.J. Feb. 26, 2026) ("[The Court declines to *sua sponte* construing [petitioner's] detention as one under § 1226 . . . [because the] Government's handling

seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.[4]

Respondent is ORDERED to provide petitioner with a copy of this Order upon his release.

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   March 13, 2026

_____
UNITED STATES DISTRICT JUDGE

---

of Petitioner's detention is emblematic of its approach to immigration enforcement in this state. On the merits, its detentions are illegal. The Government knows this. Its reliance on § 1225 has been roundly rejected [by federal courts].").

[4] This Order does not address the circumstances in which respondent may detain petitioner in the event he becomes subject to an executable final order of removal.

3